# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TROY PAYNE,

　　　　*Plaintiff*,

vs.

NEVADA DEPARTMENT OF
CORRECTIONS, *et al.,*

　　　　*Defendants*.

2:12-cv-00880-GMN-VCF

ORDER

This *pro se* prisoner civil rights action comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis* and for initial review under 28 U.S.C. § 1915A.

The Court finds that plaintiff is unable to pay a substantial initial partial filing fee, and the pauper application therefore will be granted subject to the remaining provisions of this order. The Court thus turns to initial review.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported

1  by any actual allegations of fact are not assumed to be true in reviewing the complaint.

2  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009).  That is, conclusory assertions that

3  constitute merely formulaic recitations of the elements of a cause of action and that are devoid

4  of further factual enhancement are not accepted as true and do not state a claim for relief.  *Id.*

5        Allegations of a *pro se* complainant are held to less stringent standards than formal

6  pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

7        In the complaint, plaintiff alleges that correctional officials violated his right to medical

8  privacy by revealing his HIV-positive condition to other inmates due to the fact that he was

9  placed alone in otherwise double-bunked cells pursuant to a policy under which seropositive

10  inmates are not double-bunked with non-seropositive inmates.  Plaintiff does not allege that any

11  correctional officer disclosed his medical records to other inmates or even stated to another

12  inmate that plaintiff was seropositive.  Rather, plaintiff alleges that correctional officials violated

13  his right to medical privacy simply because they housed him alone in a double-bunked cell,

14  allegedly leading other inmates to infer that he is seropositive.

15        The complaint fails to state a claim upon which relief may be granted.  The Ninth Circuit

16  has cited with approval authority from other Circuits concluding that the identification and

17  segregation of HIV-positive prisoners serves a legitimate penological interest and that the

18  seropositive inmate's privacy interests do not outweigh enabling other inmates and correctional

19  officers to protect themselves from the possibility of infection.  *See Seaton v. Mayberg*, 610

20  F.3d 530, 534 n.18 (collecting cases).  Indeed, if correctional officials do not take steps to

21  protect inmates from close-confinement exposure to seropositive inmates, they then are sued

22  by other inmates under the Eighth Amendment for failure to protect them from a serious risk

23  of harm.  *See,e.g., Andrews v. Cervantes*, 493 F.3d 1047, 1055-58 (9ᵗʰ Cir. 2007); *Seaton*,

24  610 F.3d at 535.  In the present case, plaintiff alleges not that correctional officials explicitly

25  revealed his seropositive status but instead only that other inmates could infer his seropositive

26  status from prophylactic measures that officials took in discharging their constitutional obligation

27  to protect other inmates.  The Constitution does not create such "Catch-22" conundrums for

28  correctional officials.  Plaintiff posits that although High Desert State Prison had only double-

1  bunked cells, defendants instead could have housed him at another institution with dormitory
2  housing without violating correctional regulations regarding housing of seropositive inmates.
3  However, the Constitution does not put the federal courts in the role of second-guessing
4  correctional officials' decisions as to which institutions inmates should be housed within a
5  statewide prison system, which turn upon more than one factor in isolation.   In the final
6  analysis, the mere placement of plaintiff alone in a double-bunked cell while housed in an
7  institution with only double-bunked cells does not give rise to a violation of a constitutionally-
8  protected privacy interest.  Such alleged indirect inferential "disclosure" of an inmate's medical
9  condition from how they are housed is not actionable.[1]

10      The complaint therefore will be dismissed with prejudice for failure to state a claim upon
11  which relief may be granted.  The Court finds that providing an opportunity for leave to amend
12  the complaint would be futile, given that the moving premise of the action is flawed.[2]

13      IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
14  is GRANTED, subject to the remaining provisions herein.  Plaintiff shall not be required to pay
15  an initial partial filing fee.  However, even if this action is dismissed, the full $350.00 filing fee
16  still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

17

18  [1] The Court additionally notes that, under the allegations of the complaint, plaintiff himself "outed" his
19  condition when he disclosed his condition to another inmate when a nonseropositive inmate (who plaintiff
    erroneously assumed to be seropositive) was housed with him on November 15, 2012.  Additionally, a
20  seropositive inmate with whom he roomed did not keep his own seropositive status confidential.  Plaintiff thus
    would have considerable difficulty establishing causation from an alleged indirect inference when he himself
21  explicitly put his medical history out on the yard by telling another inmate and another cellmate also did not
    maintain confidentiality as to his own seropositive condition.  That is, under the actual factual allegations of the
22  complaint, not insubstantial dissemination of plaintiff's condition resulted from when he was housed *with* a
    cellmate rather than *without* a cellmate.  Correctional officers of course cannot protect inmates' privacy
23  interests when inmates themselves fail to be keep their medical information confidential.

24  [2] The complaint is subject to a number of additional deficiencies.  Plaintiff may not sue the Nevada
25  Department of Corrections, regardless of the relief sought, because the state sovereign immunity recognized
    by the Eleventh Amendment precludes suit against the department as an arm of the State.  Similarly, plaintiff
26  may not seek recovery of monetary damages from the defendant officers in their official capacity.  To the
    extent that plaintiff seeks relief with regard to actions taken more than two years prior to the constructive filing
27  of the complaint, the claims are barred under the applicable two-year statute of limitations.  The underlying
    failure of the complaint to state a claim upon which relief may be granted overrides all such deficiencies,
28  however.

1    IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action

2  to a conclusion without the necessity of prepayment of any additional fees or costs or the giving

3  of security therefor.  This order granting *forma pauperis* status shall not extend to the issuance

4  of subpoenas at government expense.

5    IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

6  Department of Corrections shall pay to the Clerk of the United States District Court, District of

7  Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the

8  account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk

9  of the Court shall send a copy of this order to the Finance Division of the Clerk's Office.  **The**

10  **Clerk shall also SEND a copy of this order to the attention of the Chief of Inmate**

11  **Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV**

12  **89702.**

13    IT FURTHER IS ORDERED that this action shall be DISMISSED with prejudice for

14  failure to state a claim upon which relief may be granted.

15    The Clerk of Court shall enter final judgment accordingly, dismissing this action with

16  prejudice.

17    DATED this 3rd day of December, 2012.

18

19

20  _____
    GLORIA M. NAVARRO
21  United States District Judge

22

23

24

25

26

27

28